```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FRANKLIN SANTANA,

                          Petitioner,
                                                              REPORT AND
        -against-                                             RECOMMENDATION

GARY GREEN, Superintendent,                                   04 Civ. 7967 (SCR)(GAY)
Great Meadow Correctional Facility,

                          Respondent.
------------------------------------------------------------------X
```

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

Petitioner Franklin Santana ("petitioner"), proceeding *pro se*, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.

## BACKGROUND

On June 19, 2001, following a jury trial, petitioner was convicted of the crimes of kidnaping in the first degree, robbery in the first degree, and robbery in the second degree in the Supreme Court, Westchester County (West, J., sitting with a jury).[1] He was subsequently sentenced, as a violent felony offender, to an indeterminate term of state imprisonment of twenty and fifteen years on the counts of robbery in the first degree and second degree, respectively. The sentences were ordered to run concurrently. In addition, the petitioner was sentenced to a five year term of post-release supervision. Petitioner is presently incarcerated at the Great Meadow

---

[1] The jury found the petitioner not guilty of the remaining count of criminal use of a firearm in the first degree.

Correctional Facility, Comstock, New York.

Petitioner, by and through counsel, timely appealed the judgment of conviction to the Appellate Division, Second Department, on the grounds that: (1) in acquitting the defendant of criminal use of a firearm, which is an element of robbery in the first degree, the jury rendered an inconsistent verdict; (2) in her opening statement, the prosecutor called Santana "the devil" in violation of his due process right to a fair trial; and (3) the people committed a reversible Trowbridge[2] error. See Appellant's Brief at A8. The Second Department, by Decision and Order dated March 29, 2004, affirmed the judgment of conviction on all counts. People v. Santana, 5 A.D.3d 798, 773 N.Y.S.2d 594 (2d Dep't 2004). The New York Court of Appeals denied petitioner leave to appeal on June 24, 2004. People v. Santana, 3 N.Y.3d 647, 816 N.E.2d. 208, 782 N.Y.S.2d 418 (2004).

On or about July 15, 2004, petitioner filed the instant Petition for a Writ of Habeas Corpus, wherein he asserts the same arguments he raised on direct appeal.

## DISCUSSION

I. Non-Cognizable Claims

A violation of state law is not cognizable in a federal habeas corpus proceeding unless the violation is of constitutional magnitude. See Estelle v. McGuire, 502 U.S. 62, 67-87 (1991). Subsequent to the enactment of the Anti-Terrorism and Effective Death Penalty Act, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state

---

[2] People v. Trowbridge, 305 N.Y. 471, 113 N.E.2d 841 (1953).

court decision "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Here, petitioner's first and third claims do not present cognizable issues and, therefore, may not serve as the basis for habeas relief.

A. Inconsistent Verdict

In his first claim for habeas relief, petitioner alleges that the guilty verdict on the charge of robbery in the first degree was inconsistent because the jury acquitted on the charge of criminal use of a firearm. It is well-settled that "inconsistent jury verdicts are not a ground for habeas relief." See Estrada v. Senkowski, No. 98 Civ. 7796, 1999 WL 1051107, at *13-14 (S.D.N.Y. Nov. 19, 1999). See also United States v. Powell, 469 U.S. 57, 58 (1984). Accordingly, I conclude, and respectfully recommend, that the petitioner's claim for habeas relief on the grounds of an inconsistent verdict is without merit and must be dismissed.[3]

B. *Trowbridge* Error

Petitioner, in his third claim, alleges that Assistant District Attorney Edward Livingston testified at trial that Detective Lieutenant Rehm immediately identified the

---

[3] The petitioner, in his appellant brief before the Appellate Division, Second Department, asserted that defense counsel provided "less than meaningful assistance" because counsel failed to object to the inconsistent verdict before the jury was dismissed. To the extent that petitioner presently asserts an insufficient counsel claim, it cannot serve as a basis for habeas relief. In order to succeed on an ineffective assistance of counsel claim, petitioner must demonstrate (1) that his attorney's performance "fell below an objective standard of reasonableness" and (2) that there is a "reasonable probability" that, but for counsel's error, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Assuming, *arguendo*, that petitioner can satisfy the first prong, he fails to demonstrate the actual prejudice required of the second.

petitioner at a lineup identification procedure. In doing so, petitioner claims, the Assistant District Attorney "bolstered" the testimony of Detective Lieutenant Rehm and deprived him of his right to a fair trial. Under New York law, "it is error to permit an identification made by one witness to be corroborated by the testimony of another witness who merely testifies that the identification occurred." Diaz v. Greiner, 110 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) (citing People v.Trowbridge, 305 N.Y. 471). Bolstering claims are expressly "not cognizable on federal habeas review." Id. (citing cases). Accordingly, I conclude, and respectfully recommend, that the petitioner's claim for habeas relief on the grounds of Trowbridge error is without merit and must be dismissed.[4]

II. Prosecutorial Misconduct

Petitioner claims that the prosecutor made comments in her opening statement that violated his due process right to a fair trial. The prosecutor's statement in question is as follows:

> Unfortunately, in a case where the People are forced to call Mario Sanchez, it's a call that we have to make. But, in a case like this, where the stakes are so high and the crime is so egregious, we sometimes have to go to a sinner such as Mario Sanchez to get to the devil (680).[5]

---

[4] Even if bolstering were a cognizable federal claim, admission of bolstering testimony is considered harmless error unless there is reasonable likelihood that the identification at issue affected the outcome of petitioner's trial. Mendoza v. McGinnis, No. 03 Civ. 2598, 2004 WL 736894, at *7-8 (S.D.N.Y. Apr. 5, 2004). In the instant case, there is ample evidence in the record to provide the basis for conviction absent the alleged bolstering. See, section II, infra.

[5] Numbers in parentheses refer to pages from the trial transcript.

4

In order to obtain habeas relief on the grounds of prosecutorial misconduct, the petitioner must demonstrate that he suffered actual prejudice in that the prosecutor's conduct "had a substantial and injurious effect or influence in determining the jury's verdict." Bentley v. Scully, 41 F.3d 818, 824 (2d Cir. 1994). Petitioner must show that the comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181. In the Second Circuit, this inquiry includes consideration of three factors: (1) the severity of the prosecutor's misconduct, (2) the steps taken by the trial court to remedy any prejudice and (3) the certainty of the conviction absent the prejudicial conduct. United States v. Millar, 79 F.3d 338, 343 (2d Cir. 1996).

In the present case, considering the totality of the circumstances, petitioner fails to demonstrate that the prosecutor's remarks caused substantial prejudice. The prosecutor's statement concerned the nature of the relationship between the prosecution and its witness and, therefore, reflected more upon Mr. Sanchez than the petitioner. This interpretation is supported by the surrounding context of the statement, which includes more attacks on Mr. Sanchez but is otherwise silent on the subject of the petitioner. Undoubtedly, the statement at issue was made in anticipation of the petitioner's attacks upon the credibility of Mr. Sanchez as a witness, and not as an attack on the petitioner. Further, while the court did little to remedy any prejudice (the petitioner's objection was overruled), there is ample evidence in the record as to the certainty of conviction absent the prejudicial conduct. At trial, petitioner was confronted with the eyewitness testimony of Ms. Roblez, who identified petitioner as the perpetrator, and testimony from Detectives Pellegrino and Tilson concerning petitioner's

5

admissions that he participated in the robbery and kidnaping. In light of this evidence, it is unlikely that the statement in question had any actual prejudicial effect on the jury. Accordingly, I conclude, and respectfully recommend, that petitioner's claim for habeas relief on the ground of prosecutorial misconduct is without merit and must be dismissed.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the instant petition for a writ of habeas corpus be denied in its entirety.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing §2254 proceedings, the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: March 17, 2006
White Plains, New York

Respectfully Submitted,

GEORGE A. YANTHIS
UNITED STATES MAGISTRATE JUDGE